# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:04cv210

| | |
|---|---|
| COLUMBUS T. KOROMA, | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )     ORDER<br>) |
| WESTERN PIEDMONT COMMUNITY COLLEGE, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court upon defendant's Motion to Compel Third parties' Response to Subpoenas and Motion for Contempt. Review of the 60 pages of materials submitted in support of such motion reveals three problems: (1) there is no certificate of service of such motion upon either plaintiff or the party to be compelled; (2) the motion does not contain the telephone number of counsel for defendant as required by Rule 11(a), Federal Rules of Civil Procedure; and (3) the affidavit of counsel for defendant, while signed by the affiant, is unsigned by the notary who purports to have administered the oath. Defendant's motion will, therefore, be denied.

This case presents an anomaly in that this is the second time a request for relief has had to be rejected for failure to comply with the rules. These rules are, however, important to the efficient administration of justice in that Rule 5(d) provides the third-party against whom Rule 45(e) contempt is sought notice and an opportunity to be heard. The lack of a telephone number as required by Rule 11(a) frustrates not only the court's ability to contact counsel, but hinders the third-party in attempting to resolve the motion short of an Order of contempt.

The court has, however, carefully reviewed the substance of defendant's motion and is in agreement that defendant is entitled to the medical records it seeks and that the third party who has refused to comply in any manner with this court's subpoena, or move to quash, is likely in civil contempt. See Fed.R.Civ.P. 45. Apparently, counsel for defendant attempted to resolve the production issue by contacting the third party. Rather than being directed to the legal department, counsel for defendant was directed to the records department, which allegedly refused to do anything. According to defendant, the third party has taken the position that absent a signed release from the plaintiff, it will only comply if the court enters an Order. Apparently, the third party is operating under the mistaken belief that the qualifying Protective Order of this court and the subpoena are insufficient under Title 45 of the Code of Federal Regulation to warrant production.

In considering whether to re-file the motion, defendant should consider what the path of least resistance would be: (1) commencing contempt proceedings; or (2) getting a release from plaintiff. Upon the filing of a proper Rule 45(e) motion, however, this court stands ready to issue the show cause Order. Counsel for plaintiff is advised that failure to provide a medical release upon request of the defendant will result in the striking of any claim for damages relevant to such request.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Compel Third parties' Response to Subpoenas and Motion for Contempt is **DENIED** without prejudice.

**Signed: June 10, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge